AERO INDUSTRIAL CO., INC., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Aero Industrial Co. v. Commissioner
Docket Nos. 4630-77, 4631-77, 514-78.
United States Tax Court
T.C. Memo 1980-116; 1980 Tax Ct. Memo LEXIS 470; 40 T.C.M. (CCH) 147; T.C.M. (RIA) 80116; April 14, 1980, Filed *470 (1) A owned all the stock of X and two-thirds of the stock of Y. B, while married to A's daughter and living in California, a community property State, was issued the remainder of the stock of Y in consideration for his agreeing to work for X. Held, since under California law, A's daughter owner one-half of B's stock in Y, and since under sec. 1563(e)(6), I.R.C. 1954, such one-half of the stock is attributed to A, A is considered to own at least 80 percent of the stock in both X and Y; thus, X and Y were members of a controlled group of corporations within the meaning of sec. 1563(a), I.R.C. 1954. (2) Held, X was not entitled to a deduction for auto expenses, and Y was not entitled to a deduction for a payment to A's daughter, since there was no testimony or other evidence offered to explain or substantiate the deductions. (3) Held, X was not entitled to deductions for travel and gift expenses, since it failed to substantiate the expenses as required by sec. 274(d), I.R.C. 1954. EDWARD @J. Eng, for the petitioners. Jerrome N. Duncan II, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in the petitioners' Federal income taxes: Taxable Year Petitioner
Docket No.
Ended
Deficiency
Aero Industrial Co.,
4630-77
9/30/74
$ 4,833.00
Inc.
514-78
9/30/75
27,882.00
Vita-Saver,
4631-77
10/31/74
1,500.00
Incorporated
514-78
10/31/75
103,271.00
After concessions by both parties, the issues to be decided are: (1) Whether the petitioners were members of a controlled group of Corporations within the meaning of section 1563(a)(2) of the Internal Revenue Code of 1954, [2] so that they were limited *473 to a single surtax exemption under section 1561(a); (2) whether petitioner Vita-Saver, Incorporated, was entitled to deductions for certain claimed automobile, travel, entertainment, and promotional expenses; and (3) whether petitioner Aero Industrial Co., Inc., was entitled to the deduction claimed for automobile expenses. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Aero Industrial Co., Inc. (Aero), and Vita-Saver, Incorporated (Vita), were California corporations and maintained their prinicpal places of business in Burbank, Calif., when they filed their petitions in this case. Aero filed its income tax returns on the basis of a taxable year ending September 30, and Vita, on October 31. We shall identify their taxable years by the calendar years in which they ended. Aero and Vita filed their corporate Federal income tax returns for 1974 with the Internal Revenue Service, Los Angeles, Calif., and for 1975 with the Internal Revenue Service Center, Fresno, Calif.
Aero manufactured *474 a single product, a vegetable steamer. The company was founded in 1960 and was managed principally by the husband of Edna L. Burns during its first decade of operations. On the death of her husband in October 1971, Mrs. Burns became the sole owner of Aero, but she considered that she was unable to manage the company herself. Accordingly, she sought the assistance of Glenn Braddon, who both at that time and during the years in issue, was married to Mrs. Burns' daughter, Karen. Mr. Braddon immediately moved from South Lake Tahoe, Calif., to Burbank to assist Mrs. Burns in running Aero. In consideration for his move and his work with the company, Mrs. Burns informally promised to give Mr. Braddon shares of Aero stock. In 1972, Mrs. Burns fulfilled her commitment to Mr. Braddon, but in lieu of transferring Aero stock to him, she formed Vita and had one-third of its stock issued to him. Mrs. Burns furnished all the consideration received by Vita, and she received the remaining two-thirds of its stock. After its formation, Vita served as the marketing agent for Aero, buying all of Aero's vegetable steamers and reselling them throughout the country. On their Federal income tax *475 returns for 1974, Aero and Vita each claimed a surtax exemption under section 11. In his notices of deficiency for those years, the Commissioner determined that Aero and Vita were members of a controlled group as defined in section 1563(a)(2) and that, therefore, they were limited to a single surtax exemption under section 1561(a).
In 1975, Vita paid, among other amounts, $1,620.10 to a jewelry store, $1,231.50 to two horse-racing tracks, $792.66 to a liquor store, $1,200.00 to Mrs. Burns (in $600.00 amounts), and $385.00 to Mrs. Burns' daughter, Mrs. Braddon. On its tax return for the year, Vita deducted these amounts as travel, entertainment, promotional, and automobile expenses, and in his notice of deficiency, the Commissioner disallowed the deductions. In his brief, the Commissioner now concedes that the payments to the liquor store and the jewelry store were deductible. On its tax return for 1975, Aero deducted $1,124 as an automobile expense. In his notice of deficiency, the Commissioner disallowed the deduction. OPINION We deal first with the issue of whether, in 1974, Aero and Vita were members of a controlled group of corporations, limited to a single surtax exemption. *476 The Commissioner takes the position that Aero and Vita constituted a "brother-sister controlled group" within the meaning of section 1563(a)(2), which defines such group as: Two or more corporations if five or fewer persons who are individuals, estates, or trusts own * * * stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. If such corporations were members of such a controlled group, section 1561(a)(1) provides that they were limited to a single surtax exemption. Mrs. Burns owned outright all of Aero's stock but only two-thirds of Vita's stock. In cases involving similar facts, the Tax Court has held that in applying both the 80-percent test and the 50-percent *477 test of section 1563(a)(2), the stock of a shareholder who does not possess stock in each of the corporations is not to be included. Fairfax Auto Parts of Northern Virginia, Inc. v. Commissioner, 65 T.C. 798 (1976), revd. per curiam 548 F. 2d 501 (4th Cir. 1977), cert. denied 434 U.S. 904 (1977); Charles Baloian Co. v. Commissioner, 68 T.C. 620 (1977), or appeal (9th Cir., April 19, 1978). [3] Thus, under such view, the one-third of the stock of Vita owned by Mr. Braddon is not considered since he owned none of the stock of Aero. However, the Commissioner contends that under California Community property law, one-half of the stock received by Mr. Braddon became the property of Mrs. Braddon and that under section 1563(e)(6), her one-half of the stock is attributed to Mrs. Burns for purposes of determining whether the corporations are a controlled group. Sections *478 5107-5110, Calif. Civ. Code (West 1970), provide that all properth acquired in California by a husband or wife during marriage, except property acquired by gift, bequest, devise, or descent, or received in satisfaction of certain personal injury claims, is community property. Under section 5105, Calif. Civ. Code (West 1970), the spouse of an individual who acquires such property is vested with a one-half interest in it. At trial, Mrs. Burns maintained that the Vita stock was a gift to Mr. Braddon and therefore not community property. However, the evidence does not support her contention. Mr. Braddon testified that although he paid nothing for his stock, it was not a gift, but was given to him in consideration for his move to Burbank and for his work with Aero. Moreover, Mrs. Burns admitted that when Mr. Braddon moved to Burbank she had an oral understanding with him to transfer some stock to him. On all the evidence, we are convinced that the stock was community property and that, therefore, one-half of it belonged the Mrs. Braddon. Under the attribution rules of section 1563(e)(6), Mrs. Braddon's one-half of the stock of Vita is considered to be owned by Mrs. Burns for purposes *479 of section 1563(a)(2). Consequently, Mrs. Burns owned, or is considered to have owned, at least 80 percent of the stock of both Aero and Vita, and the two corporations fall clearly within the definition of a brother-sister controlled group. In view of such conclusion, we do not pass on the Commissioner's alternative argument in which he urges us to reconsider the decisions of the Tax Court in Fairfax Auto and Baloian Co.
Next, we deal with the deduction issues. Initially, as to Vita's payments to Mrs. Braddon, Vita whooly neglected to introduce any evidence or testimony to show that the expenditures were deductible. Likewise, Aero made no attempt to explain or substantiate its deduction for automobile expenses. A petitioner has the burden of proving that it is entitled to the deductions claimed by it. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111, 115 (1933). Since Vita and Aero have offered no evidence to show that they are entitled to deduct those expenditures, we sustain the Commissioner's disallowance of them.
As to the remaining deductions, Vita introduced the testimony of Mrs. Burns that the amounts which *480 were advanced to her were intended to cover expenses she expected to incur on two business trips, and that the amounts paid to the horse-racing tracks were expended in order to purchase admission tickets to the tracks to give to customers, sales representatives, and others as promotional gifts. For such expenditures to be deductible, Vita must prove that they satisfy the requirements of sections 162(a) and 274(d). Sanford v. Commissioner, 50 T.C. 823, 826 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," including "traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business." However, the deductibility of such expenses is limited by the substantiation requirements of section 274(d), which provides in part: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 * * * for any traveling expense (including meals and lodging while away from home), *481 * * *
(3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, * * * or the date and description of the gift, (C) The business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons * * * receiving the gift. * * * With respect to travel expenses, section 1.274-5(b)(2), Income Tax Regs., requires that the dates of departure and return, the destinations, and the business purpose of the travel must be substantiated. The amounts of each separate expenditure must also be substantiated, except that incidental expenditures may be aggregated. With respect to gift expenses, section 1.274-5(b)(5), Income Tax Regs., provides that the cost, date, and business purpose of the gift, and the business relationship of the recipient to the taxpayer must be substantiated. In order to substantiate these expenditures, the taxpayer must produce an account book, diary, or similar record. In addition, the taxpayer must produce documentary evidence, "such as receipts, paid bills, or similar *482 evidence," to substantiate lodging expenditures incurred while traveling and (except for certain transportation charges) all other expenditures of $25 or more for travel, entertainment, and gifts. Sec. 1.274-5(c)(2), Income Tax Regs. To be proper substantiation, records must be made contemporaneously with the expense. Sec. 1.274-5(c)(2)(ii), Income Tax Regs. In the absence of adequate records, a taxpayer may alternatively substantiate his expenditures: (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is the description of a gift, or the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is * * * the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. (Sec. 1.274-5(c)(3), Income Tax Regs.
*483 Sanford v. Commissioner, supra; Ashby v. Commissioner, 50 T.C. 409 (1968). We are by no means convinced that Vita's payments to Mrs. Burns and to the hourse-racing tracks were ordinary and necessary expenses. However, even if we were convinced, Vita has wholly failed to substantiate the expenses in the manner required by section 274(d). Vita's entire substantiation of the travel expenses consisted of two pieces of scratch paper on which were jotted various expenses. On one, "Jan. 1975" is written, and expenses for meals and taxi fares for a trip to Chicago appear to be recorded. On the other, "May 1975" is written, and hotel food, and auto expenses for a trip to Florida appear to be recorded. Neither sheet of paper states the business purpose of the trip, neither states the date of departure, the date of return, nor the length of the trip, and neither sheet indicates that the expenses were recorded at the time they were incurred. Moreover, most of the expenses listed are greater than $25, but there is no documentary evidence to support them. In short, Vita has failed to produce the "specific information" required, and therefore, it is *484 not entitled to deduct the payments to Mrs. Burns. The only substantiation produced for the gift expenses was a handwritten, partially legible list of approximately 30 names and addresses of, according to Mrs. Burns, the recipients of the gifts. Accompanying most of the entries was a notation such as "sales," "vendor," "banker," etc., and on the top of the first page are notations "1975" and "Box-6 seats." On this evidence, we accept that Vita actually purchased tickets and gave them to individuals on the list; however, without substantiation of the elements required by section 274(d) and the regulations thereunder, we have no authority to allow any deduction. Sanford v. Commissioner, supra.On the list introduced by Vita, we find no indication of the amounts of the individual gifts. Nor do we know the dates on which they were given or their business purpose, and the evidence of the business relationship between the recipients and Vita is vague at best. In addition, there is no indication that the names were recorded on the list contemporaneously with the gifts. Therefore, we again conclude that the requirements of section 274(d) have not been met. Decisions *485 will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Vita-Saver, Incorporated, docket No. 4631-77; Aero Industrial Co., Inc., and Vita-Saver, Incorporated, docket No. 514-78.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.↩
3. But see T. L. Hunt, Inc. v. Commissioner, 562 F.2d 532 (8th Cir. 1977), revg. a Memorandum Opinion of this Court; Allen Oil Co. v. Commissioner↩,     F.2d     (2d Cir., Jan. 11, 1980), revg. a Memorandum Opinion of this Court.