**FAIRFAX AUTO PARTS OF NORTH-ERN VIRGINIA, INC., Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**FAIRFAX AUTO PARTS, INC., Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

Nos. 76–1759—76–1760.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1977.

Decided Jan. 28, 1977.

Jonathan J. Broome, Jr., McLean, Va. (James M. Rees, Alexandria, Va., on brief), for appellees.

William A. Friedlander, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Stanley S. Shaw, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for Commissioner of Internal Revenue.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue appeals a decision of the Tax Court[1] holding invalid a provision of the Treasury Regulations defining a brother-sister control group under § 1563(a)(2) of the Internal Revenue Code of 1954[2] and disallowing the assessment of deficiencies.

Control of the two corporations in question was as follows: William Herbert owned 100% of Fairfax Auto Parts, Inc., and 55% of Fairfax Auto Parts of Northern Virginia, Inc.; Joseph Ofano had no interest in the first corporation, but owned 45% of Fairfax Auto Parts of Northern Virginia, Inc. The Commissioner determined that the two corporations were a brother-sister control group under § 1563(a)(2), and assessed deficiencies against both corporations for the years 1971 and 1972.

Both parties concede that the control of the two corporations satisfies the 50 percent test of § 1563(a)(2)(B). The issue is whether the 80 percent test of § 1563(a)(2)(A) has also been satisfied. In effect, the dispute comes down to whether Mr. Ofano had to own at least one share of the stock in Fairfax Auto Parts, Inc., in order for the two corporations to satisfy the 80 percent test of § 1563(a)(2)(A).

A majority of the Tax Court held that "one must own stock in each corporation before his stock can be taken into account for purposes of the 80 percent test." Accordingly, it invalidated the regulation upon which the Commissioner had relied in assessing the deficiency.[3]

The dissenting members of the court concluded that "stock owned by any or all of the five persons may be taken into consideration in determining whether the 80-percent test has been satisfied. . . ." Under this interpretation, the deficiency was lawfully assessed.

---

**1.** *Fairfax Auto Parts of Northern Virginia, Inc. v. Commissioner of Internal Revenue*, 65 T.C. 798 (1976).

**2.** Int.Rev.Code § 1563(a)(2) [26 U.S.C. § 1563(a)(2)] provides:

(a) *Controlled group of corporations.*—For purposes of this part, the term "controlled group of corporations" means any group of—

(2) *Brother-sister controlled group.*—Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing—

(A) at least 80 percent of the total combined voting power of all classes or stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and

(B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation.

**3.** Treas.Reg. § 1.1563–1(a)(3) of the Income Tax Regulations, declared invalid by the Tax Court, provides:

(3) Brother-sister controlled group. (i) The term "brother-sister controlled group" means two or more corporations if the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of the rules contained in paragraph (b) of § 1.1563–3), singly or in combination, stock possessing—

(a) [quoting Int.Rev.Code § 1563(a)(2)(A)]

(b) [quoting Int.Rev.Code § 1563(a)(2)(B)]

See n. 2 *supra*.

The majority and the dissenting opinions fully set out the arguments supporting both interpretations of the statute, and there is no need to repeat them here. We conclude that the dissent's interpretation of the statute accords with the text of the statute and its legislative history. Accordingly, for the reasons set forth in the dissenting opinion, we reverse the Tax Court, uphold the validity of the regulation, and remand the case for entry of judgment in favor of the Commissioner.