ALLEN OIL COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen Oil Co. v. Commissioner
Docket No. 10268-77.
United States Tax Court
T.C. Memo 1979-88; 1979 Tax Ct. Memo LEXIS 439; 38 T.C.M. (CCH) 355; T.C.M. (RIA) 79088; March 15, 1979, Filed *439 Respondent determined that petitioner was a member of a brother-sister controlled group. In determining that the 80 percent test of sec. 1563(a)(2)(A) was satisfied, respondent included in his calculations the stock of a shareholder who did not own stock in all the corporations in the alleged controlled group. Held, consideration of the stock of a person who does not own stock in all the members of a group of corporations for purposes of applying the 80 percent test of sec. 1563(a)(2)(A) is improper. Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976, revd. and remanded 548 F.2d 501 (4th Cir. 1977), Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir. April 19, 1978). Richard C. Bishop, for the petitioner. Milton B. Blouke, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in income tax paid by petitioner for its taxable year ended July 31, 1976 in the amount of $10,428. The only issue for our decision is whether or not petitioner was a member of a controlled group of corporations within the meaning of section 1563(a)(2), I.R.C. 1954 during the taxable year in issue. *440 FINDINGS OF FACT This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. Hence, all the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and exhibits attached thereto are incorporated herein by this reference. Petitioner, Allen Oil Company, Inc., was organized on April 25, 1947 under the laws of the state of Vermont. At the time its petition herein was filed petitioner's business address was in Brattleboro, Vermont. Petitioner's Federal income tax return for its fiscal year ended July 31, 1976 was filed with the district director of internal revenue, Andover, Massachusetts. Petitioner's business is the wholesale and retail distribution of fuel oil and related oil products. It accounts for its income on an accrual basis. At all times during its taxable year ended July 31, 1976, all petitioner's issued and outstanding stock was held as follows: No. of
Percent of Shareholder
Shares Owned
Shares Owned
John J. Drago
150
30
Francis D. Shanahan
350
70
Total
500
100
Pioneer Petroleum Products, Inc. (Pioneer), also an accrual basis taxpayer, was organized on June 3, 1960 under the laws of the Commonwealth of Massachusetts. *441 During the period August 1, 1975 through July 31, 1976 Pioneer's business was the wholesale and retail distribution of fuel oil and related oil products. Pioneer filed its Federal income tax return for its taxable year ended May 31, 1976 with the director, internal revenue service center, Andover, Massachusetts. At all times relevant hereto all Pioneer's issued and outstanding stock was held as follows: Percentage of
Number of Outstanding
Outstanding Shareholder
Shares Owned
Shares Owned
Francis D. Shanahan
411
92.6
Elizabeth A. Shanahan
(wife of Francis D. Shanahan)
25
5.6
Elizabeth A. Shanahan as
Custodian under the Mass.
Uniform Gifts to Minors
Act for the benefit of
Francis Daniel Shanahan,
Jr. (son of Francis D.
Shanahan)
4
.9
Elizabeth A. Shanahan as
Custodian * * * for the
benefit of Martha E.
Shanahan (daughter of
Francis D. Shanahan)
4
.9
Total
444
100
For its taxable year ended July 31, 1976 petitioner claimed a full surtax exemption under section 11(d). For its taxable year ended May 31, 1976 Pioneer claimed a full surtax exemption under section 11(d). In his notice of deficiency respondent disallowed petitioner any surtax exemption on the basis that Pioneer and petitioner were members of a controlled *442 group of corporations within the meaning of section 1563(a)(2) and that petitioner had elected to take a zero surtax exemption allocation. Respondent allocated the group's entire surtax exemption to Pioneer.
The shareholders of petitioner and Pioneer are related as follows: [SEE TABLE IN ORIGINAL]
For purposes of section 1563, Francis D. Shanahan is deemed to have owned all the issued and outstanding shares of Pioneer during the taxable year in issue.See Section 1563(e). The 50 percent test of section 1563(a)(2)(B) is met by the holdings of John L. Drago (Drago) and Francis D. Shanahan. In determining whether the 80 percent test of section 1563(a)(2)(A) was met in this case, respondent took into account Drago's stock in petitioner even though he does not own any stock in Pioneer. Respondent determined petitioner and Pioneer to be brother-sister corporations under section 1533(a)(2)(A) as follows:
[SEE TABLE IN ORIGINAL] OPINION The only issue before us is whether or not petitioner is a member of a brother-sister controlled group of corporations within the meaning of section 1563(a)(2): SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporations.--For purposes *443 of this part, the term "controlled group of corporations" means any group of-- * * * (2) Brother-Sister Controlled Group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. The parties have stipulated that the 50 percent control test of section 1563(a)(2)(B) is met by the holdings of Drago and Shanahan. This controversy centers, therefore, on whether Drago's stock can be used in determining whether the 80 percent test of section 1563(a)(2)(A) is met. Petitioner relies on our decisions in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), *444 reversed and remanded 548 F.2d 501 (4th Cir. 1977), and Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir., April 19, 1978), in arguing that Drago's stock cannot be considered in making the 80 percent determination because Drago does not own stock in both Pioneer and petitioner. [1] Respondent relies on section 1.1563-1(a)(3)(i) and (ii), Income Tax Regs., in arguing that Drago's stock must be included in the formula. He contends that Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, and its progeny were erroneously decided and that his regulation is valid. [2] *445 Neither party has presented any new arguments or theories for their position. Both petitioner and respondent simply rehash arguments we have already heard on more than one occasion. Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra; *446 Charles Baloian Co. v. Commissioner,supra; and T.C. Hunt, Inc. v. Commissioner,T.C. Memo 1976-221, reversed and remanded 562 F.2d 532 (8th Cir. 1977); Delta Metalforming Co., Inc. v. Commissioner,T.C. Memo 1978-354 on appeal (5th Cir., December 6, 1978). There is nothing in this case which would deflect us from the course we set in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, and affirmed in Charles Baloian Co. v. Commissioner,supra.We remain steadfast in our view. If appealed this case would go, in the absence of a stipulation to the contrary, to the Second Circuit. Section 7482(b). While Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, was reversed in the Fourth Circuit (548 F.2d 501), and T.L. Hunt, Inc. v. Commissioner,supra, was reversed in the Eighth Circuit (562 F.2d 532), the Second Circuit has yet to speak on this point. [3] *447 We therefore hold for petitioner on the basis of Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra.See Golsen v. Commissioner,54 T.C. 742, 757 (1970). Decision will be entered for Petitioner.
Footnotes
1. See also Delta Metalforming Co., Inc. v. Commissioner,T.C. Memo 1978-354 on appeal (5th Cir., December 6, 1978); and T.L. Hunt, Inc. v. Commissioner,T.C. Memo 1976-221, revd. and remanded 562 F.2d 532↩ (8th Cir. 1977). 2. On brief respondent argues that Congress implicitly approved his regulation when it enacted section 414(b) and (c), I.R.C. 1954, as part of the Employee Retirmeent Income Security Act of 1974 (ERISA). This is so, says respondent, because Congress incorporated by reference into section 414(b) the definition of controlled group of corporations contained in section 1563(a) and because Congress granted the secretary authority to promulgate regulations for determining whether partnerships or proprietorships are under common control based on principles "similar to the principles which apply in the case of [corporations]". Section 414(c). ERISA was made law on September 2, 1974. Employee Retirement Income Security Act of 1974, P.L. 93-406, 88 Stat. 829. The regulation which respondent claims Congress thereby tacitly approved first appeared on April 25, 1972. 1972-1 C.B. 291, 300. We think it questionable that, when Congress incorporated by reference its definition of controlled group as contained in section 1563(a)↩, it also meant to incorporate and approve respondent's then recently promulgated regulatory interpretation. The deference sometimes shown by courts for long standing regulations which have survived many congressional enactments can hardly be said to apply to regulations not even 1.5 years old at the relevant time.
3. As is noted above, this same issue is presently before the Ninth and Fifth Circuits. Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977) is on appeal to the Ninth Circuit; the case of Delta Metalforming Co., Inc. v. Commissioner,supra,↩ is on appeal to the Fifth Circuit.