DAVIDSON CHEVROLET COMPANY AND MONTE ZINN CHEVROLET CO., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davidson Chevrolet Co. v. Commissioner
Docket No. 2619-78.
United States Tax Court
T.C. Memo 1979-414; 1979 Tax Ct. Memo LEXIS 112; 39 T.C.M. (CCH) 299; T.C.M. (RIA) 79414; October 2, 1979, Filed Robert E. Harley, for the petitioners. Mary Helen Weber, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in the petitioners' Federal income taxes: Petitioner
Year
Deficiency
Davidson Chevrolet Co.
1975
$6,750
Monte Zinn Chevrolet Co.
1975
6,387
The only issue presented for decision is whether the petitioners were members of a controlled group of corporations within the meaning of section 1563(a)(2) [1] during the taxable year 1975. All of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. The pertinent facts are set forth below. During 1975 Davidson Chevrolet Company (Davidson) and Monte Zinn Chevrolet Company (Zinn) were corporations organized under the laws of Ohio. The principal office of both corporations *114 was located on the same business premises in Springfield, Ohio, when they filed their petition in this case. Each corporation filed its Federal income tax return for 1975 with the District Director of Internal Revenue, Cincinnati, Ohio. On Schedule J, Tax Computation, of its 1975 Federal income tax return, each corporation deducted a full $50,000 corporate surtax exemption. Neither filed an apportionment plan providing for unequal allocation of a surtax exemption among component members of a controlled group of corporations pursuant to section 1561(a) of the Code with respect to its 1975 taxable year. On December 23, 197, respondent sent a statutory notice of deficiency to each corporation in which he disallowed the full $50,000 surtax exemption caleimed by each of them on the ground that they were a controlled group of corporations under section 1563 entitled to a total of one surtax exemption under section 1561. In the statutory notices the respondent recomputed the tax of each corporation apportioning a single $50,000 surtax exemption between them equally. The total number of shars of voting stock of Davidson issued and outstanding during the taxable year 1975 was 9,000 *115 shares. Throughout that year Carlton F. Davidson owned 4,502 shares, or 50.02 percent of the total, and Ruth T. Davidson owned 4,498 shares, or 49.98 percent of the total. Carlton F. Davidson and Ruth T. Davidson were husband and wife throughout the year 1975. The total number of shares of voting stock of Zinn issued and outstanding during the year 1975 was 4,000 shares. Throughout that year Carlton F. Davidson owned 3,000 shares, or 75 percent of the total, and Monte Zinn owned 1,000 shares, or 25 percent of the total. Davidson was incorporated on July 1, 1954. From that time until April 1974, it was engaged in the business of selling and servicing autos and trucks and financing the purchase of autos. Since its incorporation all of the outstanding stock of the company has been owned by Carlton F. Davidson and Ruth T. Davidson. During 1975 Carlton F. Davidson was president and treasurer of Davidson and Ruth T. Davidson was vice-president. Both were directors. At a special meeting of directors and shareholders of Davidson held April 26, 1974, the directors and shareholders voted to sell the property and asserts of Davidson pertaining to its sales and service operations *116 to Monte Zinn Chevrolet Company; to cancel Davidson's sales and service franchise with the Chevrolet Division, contingent upon reissuance of the franchise to Zinn; and to lease Davidson's building to Zinn. During the period from April through June 1974, Davidson transferred the portion of its business pertaining to sales and service to Zinn. However, Davidson remained in the business of financing the purchase of autos and was engaged in such business throughout 1975. Davidson cancelled its franchise with the Chevrolet Division of General Motors Corporation on condition that a new franchise be granted to Zinn with Carlton F. Davidson and Monte Zinn beingnamed in the franchise agreement. Zinn was incorporated on May 3, 1974, pursuant to an agreement between Carlton F. Davidson and Monte Zinn which provided that Mr. Davidson would be issued 3,000 out of the 4,000 shares of Zinn stock; that he would be vice-president, secretary, and a director of Zinn; and that Zinn would lease and purchase various properties owned by Davidson and by Carlton F. Davidson and Ruth T. Davidson which were used by Davidson in the sales and service portion of its business. After its incorporation *117 and throughout the taxable year 1975, Zinn operated what formerly had been the auto sales and service aspect of Davidson's business. Carlton F. Davidson was vice-president and a director of Zinn, and Monte Zinn was president, treasurer, and a director of the company during the taxable year 1975. During 1975 Carlton F. Davidson devoted his time simultaneously to the operation of Davidson and Zinn. On May 3, 1974, Davidson leased to Zinn for five years property used in the auto sales and service portion of its business. The lease, which was in effect during the year 1975, provided that Zinn was to use the premises primarily for the operation of an automobile dealership and could not use it for other purposes without the written consent of Davidson. Both corporations employed the same accountant to prepare their 1975 Federal income tax returns. As previously indicated, we must decide whether the petitioners were members of a brother-sister controlled group of corporations within the meaning of section 1563(a)(2). [2] The parties agree that the petitioners meet the 50 percent control test of section 1563(a)(2)(B). Thus, the controversy centers on whether Mr. Zinn's ownership *118 of stock in Monte Zinn Chevrolet Company can be taken into account to satisfy the 80 percent test of section 1563(a)(2)(A). Petitioners contend that Mr. Zinn's stock ownership cannot be taken into account; that he is not a member of the group; and *119 that Mr. Davidson, the remaining member of the group, does not own 80 percent of the Zinn Company. To the contrary, responent contends that Mr. Zinn's stock ownership should be taken into account for the 80 percent test. It is respondent's position that each petitioner fulfills the 80 percent test of the statute as interpreted in section 1.1563-1(a)(3), Income Tax Regs. Respondent asserts that his position comports with congressional intent in enacting section 1563(a), which was to prevent what is essentially a single business enterprise from obtaining multiple surtax exemptions by splitting itself into two or more corporations. He argues that Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), reversed and remanded 548 F.2d 501 (4th Cir. 1977), and its progeny were erroneously decided by this Court and that his regulation is valid. [3]
*120 We agree with the petitioners. Both parties have reiterated basically the same arguments and theories which this Court and the Courts of Appeals have already considered. There is nothing in this case which would cause us to alter the course we previously set in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, and repeated in Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir., April 19, 1978), a Court reviewed opinion. Consequently, we adhere to our views. If appealed, this case would go, in the absence of a stipulation to the contrary, to the Sixth Circuit. Section 7482(b). Although our decisions in the Fairfax Auto Parts and Hunt cases were reversed by the Fourth and Eighth Circuits, respectively, the Sixth Circuit has not yet considered the issue. We therefore hold for the petitioers on the basis of Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra.See Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Decision will be entered for the petitioners.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporations.--For purposes of this part, the term "controlled group of corporations" means any group of-- * * *
(2) Brother-Sister Controlled Group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation.↩
3. See also T.L. Hunt, Inc. v. Commissioner,T.C. Memo. 1976-221, reversed and remanded 562 F.2d 532 (8th Cir. 1977); Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir., April 19) 1978); Delta Metalforming Co., Inc. v. Commissioner,T.C. Memo. 1978-354, on appeal (5th Cir., Dec. 6, 1978); Allen Oil Co., Inc. v. Commissioner,T.C. Memo. 1979-88↩, on appeal (2d Cir., May 30, 1979).