B & M INVESTORS CORPORATION, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

HI-WAY DISPATCH, INC. & SUBSIDIARY, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2531–76, 2532–76.     Filed January 29, 1982.

*Lawrence A. Jegen III*, for the petitioners.
*Diane L. Fox*, for the respondent.

## OPINION

STERRETT, *Judge*: Respondent determined the following deficiencies in petitioners' Federal income taxes:

| Docket No. | Petitioner | TYE Dec. 31— | Deficiency |
|---|---|---|---|
| 2531–76 | B & M Investors Corp.... | 1973 | $4,270.91 |
| | | 1974 | 4,715.74 |
| 2532–76 | Hi-Way Dispatch, Inc. & Subsidiary............... | 1973 | 5,114.12 |
| | | 1974 | 4,682.12 |

After concessions by the parties, the only issue for our decision is whether petitioners were members of a controlled group of corporations, as that term is defined under section 1563(a)(2), I.R.C. 1954, during the taxable years in issue.[1]

These consolidated cases were submitted under Rule 122, Tax Court Rules of Practice and Procedure. Hence, all of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioners B & M Investors Corp. (B & M Investors) and Hi-Way Dispatch, Inc. & Subsidiary (Hi-Way Dispatch) were incorporated under the laws of the State of Indiana. At the time the petitions herein were filed, petitioners' principal offices were located in Marion, Ind. Petitioners' Federal corporate income tax returns for the taxable years ended December 31, 1973, and December 31, 1974, were filed timely with the Internal Revenue Service Center in Memphis, Tenn.

Petitioner B & M Investors Corp. was incorporated in 1957. Its principal business activity throughout its corporate life has been real estate rental in Marion, Ind. In 1957, some of the shareholders of B & M Investors formed a separate corporation

---

[1]Two additional issues were raised in the statutory notices: (1) Disallowance of additional first year depreciation under sec. 179(d)(6); and (2) disallowance of investment tax credit under sec. 48(c)(2)(C). Because both of these issues are related to the principal issue, resolution of the principal issue will guide a disposition of these secondary issues.

called Kem Mart Investors, Inc., whose principal business activity also has been real estate rental in Marion, Ind. For the taxable year 1973, B & M Investors and Kem Mart Investors, Inc., filed elections to prorate the $25,000 surtax exemption between the two corporations as follows: B & M Investors claimed $18,750, and Kem Mart Investors, Inc., claimed $6,250. For the taxable year 1974, the corporations filed an election to allocate the entire $25,000 surtax exemption to B & M Investors.[2]

Petitioner Hi-Way Dispatch, Inc. & Subsidiary consists of the following corporations: Hi-Way Dispatch, Inc., which was incorporated in 1948, and General Components, Inc., which was incorporated in 1966. The principal business activity of Hi-Way Dispatch, Inc., since its incorporation has been commercial trucking. The principal business activity of General Components, Inc., since its incorporation has been the manufacture of wire harnesses for the appliance industry. For the taxable years 1973 and 1974, Hi-Way Dispatch, Inc., and General Components, Inc., filed a consolidated return, and therefore did not allocate the surtax exemption between the two corporations.

During the taxable years in issue, the corporations had no-par common stock as follows:

|  | Hi-Way Dispatch, Inc. | B & M Investors Corp. | Kem Mart Investors, Inc. |
| --- | --- | --- | --- |
| Issued and outstanding | 1,000 | 136 | 600 |
| Treasury | --- | --- | --- |
| Authorized | 2,000 | 1,000 | 1,000 |

At all times relevant hereto, the issued and outstanding voting stock of the corporations was held by the following individuals in the amounts and percentages as indicated on pages 168 and 169. The amounts and percentages of stock

[2]Kem Mart Investors, Inc., was not issued a statutory notice of deficiency for the taxable years 1973 and 1974 as a result of respondent's determination that the three corporations were members of a brother-sister controlled group. Instead, respondent's determination allowed Kem Mart Investors, Inc., a larger surtax exemption than was claimed on the corporate income tax returns for the years in issue.

| | Hi-Way Dispatch, Inc. | | B & M Investors Corp. | | Kem Mart Investors, Inc. | |
|---|---|---|---|---|---|---|
| | Number of shares | Percent | Number of shares | Percent | Number of shares | Percent |
| Estate of Ralph Marcuccilli | 300 | 30 | 34 | 25 | 120 | 20.0 |
| Thomas Marcuccilli (brother of Ralph Marcuccilli) | 270 | 27 | 34 | 25 | 120 | 20.0 |
| Anthony Bove, Sr. (cousin of Ralph Marcuccilli and Thomas Marcuccilli) | 120 | 12 | 34 | 25 | 120 | 20.0 |
| Frank Bove[3] (son of Anthony Bove, Sr.) | 150 | 15 | --- | --- | --- | --- |
| Guy Bove (cousin of Ralph Marcuccilli and Thomas Marcuccilli; brother of Anthony Bove, Sr.) | 100 | 10 | 34 | 25 | 120 | 20.0 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Kenneth A. Wright (son of Mary Wright) | --- | --- | --- | --- | 40 | 6.7 |
| Robert L. Wright (son of Mary Wright) | --- | --- | --- | --- | 40 | 6.7 |
| Theodore C. Wright (son of Mary Wright) | --- | --- | --- | --- | 40 | 6.6 |
| Anthony Bove, Jr. (son of Anthony Bove, Sr.) | 30 | 3 | --- | --- | --- | --- |
| Thomas M. Marcuccilli (son of Thomas Marcuccilli) | 10 | 1 | --- | --- | --- | --- |
| Bernard L. Marcuccilli (son of Thomas Marcuccilli) | 10 | 1 | --- | --- | --- | --- |
| James C. Marcuccilli (son of Thomas Marcuccilli) | 10 | 1 | --- | --- | --- | --- |
| Totals | 1,000 | 100 | 136 | 100 | 600 | 100.0 |

[3] The constructive ownership rules of sec. 1563(e)(6) would not apply to attribute to Frank Bove any of the stock issued by his father, uncle, brother, or cousins.

owned by the stockholders in the three relevant corporations represent their respective legal ownership (as opposed to stock deemed to be owned by a shareholder by virtue of application of the attribution rules) of stock entitled to vote in each of the corporations and total value of the stock of each of the corporations.

In his notices of deficiency dated January 6, 1976, respondent determined that B & M Investors, Hi-Way Dispatch, and Kem Mart Investors, Inc., were members of a controlled group of brother-sister corporations during the taxable years 1973 and 1974. Respondent therefore disallowed the amounts claimed on the returns as a surtax exemption under section 11(d) and allowed each of the corporations a surtax exemption of $8,333.33 for each of the taxable years in issue.

The issue before us is whether or not petitioners are members of a brother-sister controlled group of corporations within the meaning of section 1563(a)(2). Section 1563(a)(2) provides:

SEC. 1563. DEFINITIONS AND SPECIAL RULES.

(a) CONTROLLED GROUP OF CORPORATIONS.—For purposes of this part, the term "controlled group of corporations" means any group of—

\*  \*  \*  \*  \*  \*  \*

(2) BROTHER-SISTER CONTROLLED GROUP.—Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing—

(A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and

(B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation.

The parties have stipulated that the 50-percent "identical ownership" test of section 1563(a)(2)(B) is met by the two corporate petitioners and Kem Mart Investors, Inc., as follows:

| | Hi-Way Dispatch, Inc. | B & M Investors Corp. | Kem Mart Investors, Inc. | Identical ownership for purpose of 50-percent test |
|---|---|---|---|---|
| | Percent of shares owned | Percent of shares owned | Percent of shares owned | Percent |
| Estate of Ralph Marcuccilli | 30 | 25 | 20 | 20 |
| Thomas Marcuccilli | 27 | 25 | 20 | 20 |
| Anthony Bove, Sr. | 12 | 25 | 20 | 12 |
| Guy Bove | 10 | 25 | 20 | 10 |
| Frank Bove | 15 | --- | --- | --- |
| | 94 | 100 | 80 | 62 |

Accordingly, in order to determine if a brother-sister controlled group exists, we must determine whether, under section 1563(a)(2)(A), an individual's stock ownership may be considered for purposes of determining 80-percent ownership even though such individual does not own stock in each of the corporations in the controlled group. The controversy thus resolves down to whether Frank Bove's ownership of 15 percent of the stock of petitioner Hi-Way Dispatch should be included in the computation of the 80-percent stock ownership test in order to conclude that B & M Investors, Hi-Way Dispatch, and Kem Mart Investors, Inc., were members of a controlled group of brother-sister corporations during 1973 and 1974.

Petitioners rely on our decisions in *Fairfax Auto Parts of No. Va., Inc. v. Commissioner*, 65 T.C. 798 (1976), revd. and remanded 548 F.2d 501 (4th Cir. 1977), cert. denied 434 U.S. 904 (1977), and *Charles Baloian Co. v. Commissioner*, 68 T.C. 620 (1977), on appeal (9th Cir., Apr. 7, 1978). They argue that Bove's stock cannot be considered in making the 80-percent determination because Bove does not own stock in B & M Investors and Kem Mart Investors, Inc., as well as Hi-Way Dispatch, Inc. Petitioners, therefore, contend that they are not members of a controlled group of corporations as defined by section 1563(a)(2) and that each of them is entitled to a full surtax exemption under section 11(d) in computing its respective income tax liability for the years in question. Respondent relies on section 1.1563–1(a)(3)(i) and (ii),[4] Income Tax Regs., in

---

[4]Sec. 1.1563–1, Income Tax Regs., provides in pertinent part:

Sec. 1.1563–1. Definition of controlled group or corporations and component members.
(a) *Controlled group of corporations*— * * *

arguing that Bove's stock must be included in the formula. He contends that this Court's decision in *Fairfax Auto Parts of No. Va., Inc. v. Commissioner, supra,* and its progeny were erroneous and that his regulation is valid.

The issue raised herein has been resolved by the Supreme Court in the recent case of *United States v. Vogel Fertilizer Co.,* 455 U.S. \_\_\_\_ (1982), where it was held that the 80-percent statutory test contains a common ownership requirement. Thus, each member of the stockholder group must own stock in each brother-sister corporation for purposes of the 80-percent test. Accordingly, the Court declared section 1.1563–1(a)(3), Income Tax Regs., to be an unreasonable implementation of the statute and therefore invalid to the extent it prescribed otherwise. In affirming the Court of Claims, the Court cited with approval the Tax Court's position as originally expressed in *Fairfax Auto Parts of No. Va., Inc. v. Commissioner, supra.* To reflect the foregoing,

*Decisions will be entered for the petitioners.*

---

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(3) *Brother-sister controlled group*—(i) The term "brother-sister controlled group" means two or more corporations is the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of the rules contained in paragraph (b) of Sec. 1.1563–3), *singly or in combination,* stock possessing—

(*a*) At least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation; and

(*b*) More than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each corporation.

(ii) The principles of this subparagraph may be illustrated by the following examples:

*Example (1).* The outstanding stock of corporations P, Q, R, S, and T, which have only one class of stock outstanding, is owned by the following unrelated individuals:

| Indi-viduals | P | Q | Corporations R | S | T | Identical Owner-ship |
|---|---|---|---|---|---|---|
| A .... | 60% | 60% | 60% | 60% | 100% | 60% |
| B .... | 40% | ... | ... | ... | ... | ... |
| C .... | ... | 40% | ... | ... | ... | ... |
| D .... | ... | ... | 40% | ... | ... | ... |
| E .... | ... | ... | ... | 40% | ... | ... |
| Total | 100% | 100% | 100% | 100% | 100% | 60% |

Corporations P, Q, R, S, and T are members of a brother-sister controlled group. [Emphasis added.]