COLOR AND SUPPLY COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Color & Supply Co. v. Commissioner
Docket No. 2865-79.
United States Tax Court
T.C. Memo 1982-49; 1982 Tax Ct. Memo LEXIS 699; 43 T.C.M. (CCH) 448; T.C.M. (RIA) 82049; February 3, 1982. *699 To determine whether the 80-percent test of sec. 1563(a)(2)(A), I.R.C. 1954, was satisfied, respondent included in his calculations the stock of a shareholder who did not own stock in all of the corporations in the alleged controlled group. Held, consideration of stock of one who does not own stock in each of the members of a group of corporations is improper for purposes of applying the 80-percent test of sec. 1563(a)(2)(A), I.R.C. 1954. United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), controls. Charles R. Hembree and Philip E. Wilson, for the petitioner. Aubrey C. Brown, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By statutory notice dated December 6, 1978, respondent *701 determined deficiencies in petitioner's Federal income taxes as follows: Taxable Year Ended
Amount
Dec. 31, 1974
$ 3,250.20
Dec. 31, 1975
7,342.86
Dec. 31, 1976
6,157.14
$ 16,750.20
After concessions by the parties, the sole issue for decision is whether petitioner and Cincinnati Color Company, Inc. were component members of a controlled group of corporations, as that term is defined under section 1563(a)(2), I.R.C. 1954, during the taxable years in issue. The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Color and Supply Company, Inc. was incorporated under the laws of the Commonwealth of Kentucky. At the time of filing the petition herein, petitioner's principal place of business was located in Lexington, Kentucky. Petitioner filed its Federal corporate income tax returns for the taxable years ended December 31, 1974, December 31, 1975 and December 31, 1976 with the Office of the Director, Internal Revenue Service Center, Memphis, Tennessee. Petitioner was incorporated in 1945. Its *702 articles of incorporation authorize only one class of stock, which consists of 1,000 shares of common stock having a par value of $ 10 per share. Cincinnati Color Company, Inc. (hereinafter Cincinnati Color) was incorporated in 1929 under the laws of Ohio. The articles of incorporation of Cincinnati Color authorize only one class of stock which consists of 200 shares of common stock with a par value of $ 50 per share. On December 31, 1974, 1975 and 1976, 144 of Cincinnati Color's 200 shares of authorized capital stock were issued. None of the unissued stock was subject to an option to purchase said stock.
On December 31, 1974, December o1, 1975 and December 31, 1976 Color and Supply and Cincinnati Color were owned as follows: Color and Supply
Shares Subject
Percentage
Shares Owned
To Option
Ownership
1974
Carl J. Deifel
400
40.0%
Joseph C. Deifel
110
24
13.4 Jon H. Deifel
66
6.6 Howard W. Heiss
186
14
20.0 William W. Howard
200
20.0 Helen M. Deifel
962
38
100.0%
1975
Carl J. Deifel
400
0
40.0%
Joseph C. Deifel
115
19
13.4 Jon H. Deifel
66
0
6.6 Howard W. Heiss
191
9
20.0 William W. Howard
200
0
20.0 Helen M. Deifel
972
28
100.0%
1976
Carl J. Deifel
400
40.0%
Joseph C. Deifel
115
19
13.4 Jon H. Deifel
66
6.6 Howard W. Heiss
195
5
20.0 William W. Howard
200
20.0 Helen M. Deifel
976
24
100.0%
*703 Cincinnati Color
Shares
Percentage
Owned
Ownership
1974
Carl J. Deifel
74
51.39%
Joseph C. Deifel
25
17.36 Jon H. Deifel
25
17.36 Howard W. Heiss
William W. Howard
Helen M. Delfel
20
13.89 144
100.00%
1975
Carl J. Deifel
74
51.39%
Joseph C. Deifel
30
20.83 Jon H. Deifel
30
20.83 Howard W. Heiss
William W. Howard
Helen M. Deifel
10
6.95 144
100.00%
1976
Carl J. Deifel
64
44.44%
Joseph C. Deifel
35
24.31 Jon H. Deifel
35
24.31 Howard W. Heiss
William W. Howard
Helen M. Deifel
10
6.94 144
100.00%
Carl J. Deifel and Helen M. Deifel are husband and wife, and pursuant to section 1563(e)(5) the shares of Cincinnati Color owned by Helen M. Deifel are constructively owned by Carl J. Deifel. Carl J. and Helen M. Deifel are the father and mother, respectively, of Joseph C. Deifel and John H. Deifel. Both Joseph C. Deifel and Jon H. Deifel were more than 21 years of age during 1974 and subsequent years. Howard G. Heiss and Helen M. Deifel are brother and sister, and, except for said relationship, Howard G. Heiss is unrelated either by consanguinity or marriage to either Carl J. Deifel, *704 Joseph C. Deifel, Jon H. Deifel, or William W. Howard. William W. Howard is unrelated either by consanguinity or marriage to Carl J. Deifel, Joseph C. Deifel, Jon H. Deifel, or Howard G. Heiss. Both petitioner and Cincinnati Color reported their income for Federal income tax purposes on a taxable year ended December 31 for the taxable years 1974, 1975 and 1976. On its 1974 Federal income tax return, petitioner utilized the full $ 25,000 corporate surtax exemption. Similarly, on its 1975 and 1976 income tax returns, petitioner utilized the full $ 50,000 corporate surtax exemption. During the taxable years 1974, 1975 and 1976, Cincinnati Color utilized corporate surtax exemptions in the amounts of $ 23,797.31, $ 36,874 and $ 33,414.97, respectively. Neither petitioner nor Cincinnati Color filed an apportionment plan providing for unequal allocation of the surtax exemption among component members of a controlled group of corporations pursuant to section 1561 for the taxable years 1974, 1975 and 1976. In his statutory notice, respondent determined that petitioner and Cincinnati Color were members of a brother-sister controlled group for the tax years 1974, 1975 and 1976. Accordingly, *705 respondent computed the tax of petitioner by apportioning a single surtax exemption equally between petitioner and Cincinnati Color. The apportioned share of the single surtax exemption that was allowed petitioner for purposes of computing its tax was $ 12,500 for 1974, $ 25,000 for 1975 and $ 25,000 for 1976. The issue before us is whether petitioner and Cincinnati Color are members of a brother-sister controlled group of corporations within the meaning of section 1563(a)(2). Section 1563(a)(2) provides: SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporations.--For purposes of this part, the term "controlled group of corporations" means any group of-- (2) Brother-sister controlled group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2)) stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or *706 more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. When the shares of Cincinnati Color owned by Helen M. Deifel are treated as constructively owned by Carl J. Deifel, the ownership of petitioner and Cincinnati Color during tax years 1974, 1975 and 1976 is represented by the following chart: 1974
Petitioner
Cincinnati Color
Identical Ownershio
Percentage
Percentage
for Purposes of
Stockholder
Ownership
Ownership
the 50% Test
Carl J. Deifel
40.0%
65.28%
40.0%
Joseph C. Deifel
13.4 17.36 13.4 Jon H. Deifel
6.6 17.36 6.6 Howard G. Heiss
20.0 William W. Howard
20.0 Totals
100.0%
100.00%
60.0%
1975
Carl J. Deifel
40.0%
58.34%
40.0%
Joseph C. Deifel
13.4 20.83 13.4 Jon H. Deifel
6.6 20.83 6.6 Howard G. Heiss
20.0 William W. Howard
20.0 Totals
100.0%
100.00%
60.0%
1976
Carl J. Deifel
40.0%
51.38%
40.0%
Joseph C. Deifel
13.4 24.31 13.4 Jon H. Deifel
6.6 24.31 6.6 Howard G. Heiss
20.0 William W. Howard
20.0 Totals
100.0%
100.00%
60.0%
*707 Thus, the 50-percent identical ownership test under section 1563(a)(2)(B) is met. Accordingly, in order to determine if a brother-sister controlled group exists, we must determine whether under section 1563(a)(2)(A) an individual's stock ownership may be considered for purposes of determining 80-percent ownership despite the fact that such individual does not own stock in each of the corporations in the alleged controlled group. The outcome of the controversy depends on whether Howard G. Heiss's 20-percent ownership of the stock of petitioner and William W. Howard's 20-percent ownership of the stock of petitioner should be included in the computation of the 80-percent stock ownership test. If so, the result is inevitable that petitioner and Cincinnati Color constituted members of a controlled group of brother-sister corporations during 1974, 1975 and 1976. If not, the 80-percent test is not met and consequently petitioner and Cincinnati Color were not members of such group. Petitioner relies on our decisions in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), revd. and remanded 548 F.2d 501 (4th Cir. 1977), cert. denied *708 434 U.S. 904 (1977), and Charles Baloian Co. v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir. Apr. 7, 1978). It argues that Mr. Howard's and Mr. Heiss's stock cannot be considered in applying the 80-percent test because they do not own stock in both petitioner corporation and Cincinnati Color. Petitioner therefore contends that it is not a member of a controlled group of corporations as defined by section 1563(a)(2) and that it therefore is entitled to a full surtax exemption under section 11(d) in computing its income tax liability for the years in question. Respondent relies on section 1.1563-1(a)(3)(i) and (ii), [1] Income Tax Regs., in arguing that Mr. Howard's and Mr. Heiss's stock must be included in the formula. He contends that this Curt's decision in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, and its progeny were erroneous and that his regulation is valid. *709 The issue raised herein has been resolved by the Supreme Court in the recent case of United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), where it was held that the 80-percent statutory test contains a common ownership requirement. Thus, each member of the stockholder group must own stock in each brother-sister corporation for purposes of the 80-percent test. Accordingly, the Court declared section 1.1563-1(a)(3), Income Tax Regs., to be an unreasonable implementation of the statute and therefore invalid to the extent it prescribed otherwise. In affirming the Court of Claims, the Court cited with approval the Tax Court's position as originally expressed in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra.Following United States v. Vogel Fertilizer Co.,supra, we held in B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982), that section 1563(a)(2) had a common ownership requirement. To reflect the foregoing. Decision will be entered under Rule 155.
Footnotes
1. Sec. 1.1563-1, Income Tax Regs., provides in pertinent part: § 1.1563-1. Definition of controlled group or corporations and compondent members. (a) Controlled group of corporations-- (3) Brother-sister controlled group--(i) The term "brother-sister controlled group" means two or more corporations if the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of the rules contained in paragraph (b) of § 1.1563-3), singly or in combination, stock possessing-- (a) At least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation; and (b) More than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. (ii) The principles of this subparagraph may be illustrated by the following examples: Example (1). The outstanding stock of corporations P, Q, R, S, and T, which have only one class of stock outstanding, is owned by the following unrelated individuals: Identical
Individuals
Corporations
Ownership
P
Q
R
S
T
A
60%
60%
60%
60%
100%
60%
B
40%
C
40%
D
40%
E
40%
Total
100%
100%
100%
100%
100%
60%
Corporations P, Q, R, S, and T are members of a brother-sister controlled group. [Emphasis added.]↩