ALVIN'S, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; LION STORE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alvin's, Inc. v. Commissioner
Docket Nos. 2614-78, 2615-78.
United States Tax Court
T.C. Memo 1982-84; 1982 Tax Ct. Memo LEXIS 661; 43 T.C.M. (CCH) 581; T.C.M. (RIA) 82084; February 18, 1982. Richard A. Shapack, for the petitioners. F. Michael Kovach, *662 Jr., for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined the following deficiencies in petitioners' federal income taxes: Tax Year
Docket No.
Petitioner
ended Jan. 31,
Deficiency
2614-78
Alvin's, Inc.
1974
$ 1,500.00
2615-78
Lion Store, Inc.
1974
4,833.40
1975
4,957.06
The only issue for our decision is whether petitioners were members of a brother-sister controlled group of corporations, as that term is defined in section 1563(a)(2). [1]
The facts of these consolidated cases are fully stipulated. The stipulation and its attached exhibits are incorporated herein by reference. Petitioners are Michigan corporations. They maintained their principal offices in Pontiac, Michigan when they filed the petitions in these cases. During the tax years ended January 31, 1974, and January 31, 1975, the total value of shares of all classes of stock in the petitioners was held by the following individuals in the indicated percentages: Alvin's, Inc.
Lion Store, Inc.
Alvin Steinman
80%
33-1/3%
Mae Steinman
33-1/3%
Marvin Talon
20%
Beverly Talon
33-1/3%
*663 During the tax years ended January 31, 1974, and January 31, 1975, Marvin Talon and Beverly Talon were husband and wife. Alvin Steinman is the son of Mae Steinman. Respondent, relying on section 1.1563-1, Income Tax Regs., determined that petitioners are members of a section 1563(a)(2) brother-sister controlled group of corporations. Consequently, respondent disallowed the full surtax exemption which each petitioner had claimed under section 11(d). Respondent divided the exemption between petitioners according to petitioners' section 1562(a) protective election. Respondent also asserted the additional tax imposed by section 1562(b). Petitioners contend that they are each entitled to a full surtax exemption, citing Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), revd. and remanded 548 F.2d 501 (4th Cir. 1977), and its progeny in this Court. The controversy centers on interpretation of the 80 percent test contained in section 1563(a)(2)(A). The Supreme Court resolved this issue in United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), which held that the 80 percent test contains a common ownership *664 requirement. See also B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982). Because Mae Steinman has no ownership interest in Alvin's Inc., her 33-1/3 percent share of Lion Store, Inc. cannot be included in the 80 percent computation. [2] Petitioners, therefore, are not members of a brother-sister controlled group of corporations. They are each entitled to a full surtax exemption. Decisions will be entered for the petitioners.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. We note that Mae Steinman's stock interests are not attributed to Alvin Steinman (nor vice versa) because Alvin (Mae) did not own more than 50 percent of the total value of Lion Store, Inc. (Alvin's Inc.) independent of attribution. Sec. 1563(e)(6)(B).↩