JOE ESCO SOUTH-WEST TIRE CO., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; 89ER PETROLEUM CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; OKLAHOMA BANDAG & SUPPLY CO., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joe Esco South-West Tire Co. v. Commissioner
Docket Nos. 2668-79, 2669-79, 2670-79.
United States Tax Court
T.C. Memo 1982-83; 1982 Tax Ct. Memo LEXIS 660; 43 T.C.M. (CCH) 580; T.C.M. (RIA) 82083; February 18, 1982. George F. Saunders, for the petitioners. John L. Simpson, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined the following deficiencies *661 in petitioners' federal income taxes: Tax Year
Docket No.
Petitioner
Ending
Deficiency
2668-79
Joe Esco South-West Tire Co.
3/31/1976
$ 9,000
2669-79
89er Petroleum Co.
12/31/1975
9,000
2670-79
Oklahoma Bandag & Supply Co.
9/30/1976
9,000
The only issue for our decision is whether petitioners were members of a brother-sister controlled group of corporations, as that term is defined in section 1563(a)(2). [1]
The facts of these consolidated cases are fully stipulated. The stipulation and its attached exhibits are incorporated herein by reference. Petitioners are Oklahoma corporations. They maintained their principal offices in Oklahoma City, Oklahoma when they filed the petitions in these cases. During the relevant tax years, the total value of shares of all classes of stock in the petitioners was held by the following individuals in the indicated percentages: Joe Esco
Oklahoma
South-West
89er Petroleum
Bandag &
Tire Co.
Co.
Supply Co.
Joe W. Esco
79%
100%
79%
George Saunders
14%
John Holcomb
7%
Hanna Byrd
7%
C.L. Welch
7%
Don Wilson
7%
*662 Respondent, relying on section 1.1563-1, Income Tax Regs., determined that petitioners are members of a section 1563(a)(2) brother-sister controlled group of corporations. Conseqently, respondent disallowed the full surtax exemption which each petitioner had claimed under section 11(d) and allocated a single exemption among petitioners pursuant to section 1561(a). Petitioners contend that they are each entitled to a full surtax exemption, citing Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), revd. and remanded 548 F.2d 501 (4th Cir. 1977), and its progeny in this Court. The controversy centers on interpretation of the 80 percent test contained in section 1563(a)(2)(A). The Supreme Court resolved this issue in United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), which held that the 80 percent test contains a common ownership requirement. See also B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982). Because George Saunders and John Holcomb owned no shares in 89er Petroleum Co. or in Oklahoma Bandag & Supply Co., and because Hanna Byrd, C.L. Welch and Don Wilson owned no shares *663 in Joe Esco South-West Tire Co. or in 89er Petroleum Co., their interests may not be included in the 80 percent computation. Petitioners, therefore, are not members of a brother-sister controlled group of corporations. They are each entitled to a full surtax exemption. Decisions will be entered for the petitioners.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩