OVERHEAD DOOR COMPANY OF ALBUQUERQUE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WINDSOR DOOR SALES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Overhead Door Co. v. Commissioner
Docket Nos. 1674-79, 1675-79.
United States Tax Court
T.C. Memo 1982-39; 1982 Tax Ct. Memo LEXIS 706; 43 T.C.M. (CCH) 406; T.C.M. (RIA) 82039; January 29, 1982. *706 To determine whether the 80-percent test of sec. 1563(a)(2)(A), I.R.C. 1954, was satisfied, respondent included in his calculations the stock of a shareholder who did not own stock in all of the corporations in the alleged controlled group. Held, consideration of stock of one who does not own stock in each of the members of a group of corporations is improper for purposes of applying the 80-percent test of sec. 1563(a)(2)(A), I.R.C. 1954. United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), followed. George A. Dubois, for the petitioners. Gary A. Benford, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes in notices *708 dated November 15, 1978: Docket
Taxable year
No.
Petitioner
ended Dec. 31,
Deficiency
1674-79
Overhead Door Company
1974
$ 3,250.00
of Albuquerque, Ind.
1975
6,800.16
1675-79
Windsor Door Sales, Inc.
1974
3,249.80
1975
5,538.68
The only issue for our decision is whether petitioners were members of a controlled group of corporations, as that term is defined under section 1563(a)(2), I.R.C. 1954, during the taxable years in issue. These consolidated cases were submitted under Rule 122, Tax Court Rules of Practice and Procedure. Hence, all of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Overhead Door Company of Albuquerque, Inc. (Overhead Door) and Windsor Door Sales, Inc. (Windsor Door) were New Mexico corporations with their principal places of business in Albuquerque, New Mexico. Petitioners timely filed their Federal income tax returns for the calendar years 1974 and 1975 with the Director, Internal Revenue Service Center, Austin, Texas. Petitioner Overhead Door Company of Albuquerque, Inc. was incorporated *709 in 1969. Its principal business activity during the years in issue was the installation of doors for residential and commercial uses. Of the 513 shares of outstanding stock of the petitioner, 100 percent was owned by William D. Sirkel. Petitioner Windsor Door Sales, Inc. was incorporated in 1971. During the entirety of the years in issue, all of the issued and outstanding stock of Windsor Door was owned [1] as follows: Number of
Percentage of outstanding
Shareholder
shares owned
shares owned
William D. Sirkel
509
69.4
Carl Sartor
224
30.6
Total
733
100.0
For the taxable years 1974 and 1975 each of the petitioners claimed a full surtax exemption under section 11(d). Neither Overhead Door nor Windsor Door adopted or filed any allocation or apportionment plan of the allowable corporate surtax exemption under section 1561. The issue before us is whether or not *710 petitioners are members of a brother-sister controlled group of corporations within the meaning of section 1563(a)(2). Section 1563 (a)(2) provides: SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) Controlled Group of Corporations.--For purposes of this part, the term "controlled group of corporations" means any group of-- (2) Brother-sister controlled group. Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own * * * stock possessing-- (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. The parties have stipulated that the 50-percent "identical ownership" test of section 1563(a)(2)(B) is met by the holdings of William D. Sirkel in both Overhead *711 Door and Windsor Door. Accordingly, in order to determine if a brother-sister controlled group exists, we must determine whether, under section 1563(a)(2)(A), an individual's stock ownership may be considered for purposes of determining 80-percent ownership even though such individual does not own stock in each of the corporations in the group. The controversy centers on whether Carl Sartor's ownership of 30.6 percent of the stock of petitioner Windsor Door may be included in the computation of the 80-percent stock ownership test in order to conclude that Overhead Door and Windsor Door were members of a controlled group of brother-sister corporations during 1974 and 1975. Petitioners rely on our decisions in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), revd. and remanded 548 F. 2d 501 (4th Cir. 1977), cert. denied 434 U.S. 904 (1977), and Charles Baloian Co v. Commissioner,68 T.C. 620 (1977), on appeal (9th Cir. Apr. 7, 1978). They argue that sartor's stock cannot be considered in making the 80-percent determination because Sartor does not own at least some stock in both Overhead Door and Windsor *712 Door. Petitioners therefore contend that they are not members of a controlled group of corporations as defined by section 1563(a)(2) and that each of them is entitled to a full surtax exemption under section 11(d) in computing its respective income tax liability for the years in question. Respondent relies on section 1.1563-1(a)(3)(i) and (ii), [2] Income Tax Regs., in arguing that Sartor's stock must be included in the formula. He contends that this Court's decision in Fairfax Auto Parts of No. Va. Va., Inc. v. Commissioner,supra, and its progeny were erroneous and that his regulation is valid. *713 The issue raised herein has been resolved by the Supreme Court in the recent case of United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), where it was held that the 80-percent statutory test contains a common ownership requirement. Thus, each member of the stockholder group must own stock in each brother-sister corporation for purposes of the 80-percent test. Accordingly, the Court declared section 1.1563-1(a)(3), Income Tax Regs., to be an unreasonable implementation of the statute and therefore invalid to the extent it prescribed otherwise. In affirming the Court of Claims, the Court cited with approval the Tax Court's position as originally expressed in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra.Following United States v. Vogel Fertilizer Co.,supra, we held in B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982), that section 1563(a)(2) had a common ownership requirement. To reflect the foregoing, Decisions will be entered for the petitioners.
Footnotes
1. The parties have stipulated that reference to ownership of the corporations means legal ownership and not ownership as determined by the application of the attribution rules of section 1563(e). The attribution rules of section 1563(e)↩ have no application to the facts in issue.
2. Sec. 1.1563-1, Income Tax Regs., provides in pertinent part: § 1.1563-1. Definition of controlled group of corporations and component members. (a) Controlled group of corporations-- (3) Brother-sister controlled group--(i) The term "brother-sister controlled group" means two or more corporations if the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of the rules contained in paragraph (b) of § 1.1563-3), singly or in combination, stock possessing-- (a) At least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation; and (b) More than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. (ii) The principles of this subparagraph may be illustrated by the following examples: Example (1). The outstanding stock of corporations P, Q, R, S, and T, which have only one class of stock outstanding, is owned by the following unrelated individuals: Identical
Individuals
Corporations
Ownership
P
Q
R
S
T
A
60%
60%
60%
60%
100%
60%
B
40%
C
40%
D
40%
E
40%
Total
100%
100%
100%
100%
100%
60%
Corporations P, Q, R, S, and T are members of a brother-sister controlled group. [Emphasis added.]↩