DELAWARE VALLEY ANESTHESIA ASSOCIATES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Delaware Valley Anesthesia Associates v. Commissioner
Docket No. 13281-79R.
United States Tax Court
T.C. Memo 1982-89; 1982 Tax Ct. Memo LEXIS 656; 43 T.C.M. (CCH) 605; T.C.M. (RIA) 82089; 3 Employee Benefits Cas. (BNA) 1051; February 22, 1982. *656 Qualification of petitioner's pension and profit-sharing plans depends on whether petitioner and another corporation constitute a sec. 1563(a)(2) brother-sister controlled group. Held, consideration of stock of individuals who do not own stock in each of the members of a group of corporations is improper for purposes of applying the 80 percent test of sec. 1563(a)(2)(A), I.R.C. 1954. United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), controls. Consequently, petitioner's plans are qualified under sec. 401(a), I.R.C. 1954. Gilbert S. Feinberg, for the petitioner. Stephen E. Sokolic, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Petitioner instituted this action pursuant to section 7476 [1] for a declaratory judgment that its employees' pension and profit-sharing *658 plans are qualified plans under section 401(a). The parties agree that all jurisdictional requirements for a declaratory judgment action have been met. This case was submitted for decision on the basis of the stipulated administrative record under Rule 122. See also Rule 217. The evidentiary facts and administrative record are assumed to be true for purposes of this proceeding, and the administrative record is incorporated herein by reference. Petitioner is a New Jersey professional corporation organized for the practice of anesthesiology. Its principal office was in Cherry Hill, New Jersey, when it filed the petition in this case. The stock of petitioner is owned 50 percent by Dr. Glass and 50 percent by Dr. Cerniglia. On February 1, 1974 and February 13, 1974, respondent advised petitioner that its pension and profit-sharing plans qualified under section 401(a). On September 29, 1977, respondent advised petitioner that its amended pension and profit-sharing plans *659 qualified under section 401(a). In December 1976, Drs. Glass and Cerniglia each acquired a 37-1/2 percent stock interest in Oxford Hospital. The remaining 25 percent stock interest is owned equally by two unrelated individuals. Oxford Hospital is a corporation which operates a 56-bed general care hospital and employs 155 persons. Drs. Glass and Cerniglia are staff anesthesiologists at the Oxford Hospital. They devote about one-third of their total working time to these jobs. Petitioner derives about one-third of its total income from fees received on account of services performed by Drs. Glass and Cerniglia as staff anesthesiologists at the Oxford Hospital. Prior to June 23, 1978, petitioner's pension and profit-sharing plans provided that only its own employees were eligible to participate therein. On June 23, 1978, petitioner amended its pension and profit-sharing plans to specifically exclude the employees of Oxford Hospital from participating in these plans. On June 28, 1978, respondent received petitioner's applications for determination that its pension and profit-sharing plans continued to qualify under section 401(a), notwithstanding the June 23, 1978 amendments. *660 On August 10, 1979, respondent issued Final Adverse Determination Letters indicating respondent's conclusion that the plans do not meet the requirements of section 401(a). Respondent's determination was effective for the tax year commencing July 1, 1976. The qualification of the plans depends on whether they satisfy the minimum eligibility, or coverage, requirements contained in section 410. Sec. 401(a)(3). In determining whether the coverage rules of section 410(b) are satisfied, employees of corporations under common control are to be treated as being employees of a single employer. Sec. 414(b). Common control is determined under the rules of section 1563(a). Sec. 414(b). The only issue for our determination is whether petitioner and Oxford Hospital constitute a section 1563(a)(2) brother-sister controlled group. Section 1563(a)(2) provides: SEC. 1563. DEFINITIONS AND SPECIAL RULES. (a) controlled group of corporations/.--For purposes of this part, the term "controlled group of corporations" means any group of-- (2) BROTHER-SISTER CONTROLLED GROUP.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own * * * stock possessing-- *661 (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation, and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. To determine if a brother-sister controlled group exists, we must decide whether, under section 1563(a)(2)(A), an individual's stock ownership may be considered for purposes of determining 80 percent ownership even though such individual does not own stock in each of the corporations in the group. The controversy centers on whether the unrelated parties' 25 percent stock interest in Oxford Hospital may be included in the computation of the 80 percent stock ownership test. Petitioners rely on our decision in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,65 T.C. 798 (1976), revd. and remanded 548 F.2d 501 (4th Cir. 1977), *662 and its progeny in this Court. They argue that the 25 percent stock interest in Oxford Hospital cannot be considered in making the 80 percent determination because the unrelated parties do not own at least some stock in both petitioner and Oxford Hospital. Petitioner therefore contends that Oxford Hospital and it do not comprise a controlled group of corporations as defined by section 1563(a)(2) and that its pension and profit-sharing plans are qualified under section 401(a). Respondent relies on section 1.1563-1(a)(3)(i) and (ii), [2] Income Tax Regs., in arguing that the unrelated parties' 25 percent stock interest in Oxford Hospital must be included in the formula. He contends that this Court's decision in Fairfax Auto Parts of No. Va., Inc. v. Commissioner,supra, is erroneous and that his regulation is valid. *663 The Supreme Court resolved this issue in United States v. Vogel Fertilizer Co., 455 U.S.     (Jan. 13, 1982), which held that the 80 percent statutory test contains a common ownership requirement. Accordingly, the Court declared section 1.1563-1(a)(3), Income Tax Regs., to be an unreasonable implementation of the statute and, thus, invalid to the extent it prescribed otherwise. See also B & M Investors Corp. v. Commissioner, 78 T.C.     (Jan. 29, 1982). Because the unrelated parties who own a 25 percent interest in Oxford Hospital own to stock in petitioner, these two corporations cannot be members of a brother-sister controlled group of corporations. We conclude, therefore, that petitioner's pension and profit-sharing plans are qualified under section 401(a). Decision will be entered accordingly.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 1.1563-1, Income Tax Regs., provides in pertinent part: SEC. 1.1563-1. DEFINITION OF CONTROLLED GROUP OF CORPORATIONS and component members/. (3) Brother-sister controlled group--(i) The term "brother-sister controlled group" means who or more corporations if the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of the rules contained in paragraph (b) of § 1.1563-3), singly or in combination, stock possessing-- (a) At least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation; and (b) More than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. (ii) The principles of this subparagraph may be illustrated by the following examples: Example (1). The outstanding stock of corporations P, Q, R, S, and T, which have only one class of stock outstanding, is owned by the following unrelated individuals: Corporations
Identical
Individuals
P
Q
R
S
T
Ownership
A
60%
60%
60%
60%
100%
60%
B
40%
C
40%
D
40%
E
40%
Total
100%
100%
100%
100%
100%
60%
Corporations P, Q, R, S, and T. are members of a brother-sister controlled group.↩